UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERTO ARROYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| MIDLAND FUNDING, L.L.C.; RONALD MOSES; ) | |
| STEPHEN EINSTEIN & & ASSOCIATES, P.C.; ) | COMPLAINT & DEMAND FOR |
| ) | TRIAL |
| Defendants. ) | |

## COMPLAINT

ALBERTO ARROYO ("Mr. Arroyo"), by and through his counsel, Christine A. Anderson alleges the following against MIDLAND FUNDING, LLC, RONALD MOSES, CITY OF NEW YORK DEPARTMENT OF INVESTIGATION; STEPHEN EINSTEIN & ASSOCIATES, P.C.; AUTOMATED DATA, PROCESSING, INC. aka ADP, INC.; ADVANCED STORES, INC., aka ADVANCED AUTO PARTS ("Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and unfair and deceptive conduct by Defendants in the Commonwealth of Massachusetts in violation of Consumer Protection Statute, G.L. c.93A §9 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct or have conducted business in the Commonwealth of Massachusetts establishing personal jurisdiction.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

6. Plaintiff , Alberto Arroyo, ("Mr. Arroyo") is an individual residing in New Bedford, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7. Midland Funding, L.L.C. ("Midland") is a Delaware domestic registered entity with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. 1692a(6).

8. Stephen Einstein & Associates, P.C. ("Einstein") is a New York registered entity with an address of 20 Vesey St., Suite 1406, New York, NY 10007 employed by Midland and operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. 1692a(6).

9. Ronald Moses, is a New York City Marshal with an address of 111 John Street, Suite 500, New York, NY 10038, employed by Midland and operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. 1692a(6).

## ALLEGATIONS COMMON TO ALL COUNTS

10. Mr. Arroyo wages from his Massachusetts employer, Advanced Auto, were garnished in December 2012 and January 2013.

11. Mr. Arroyo had not received notice prior to the garnishment of his wages.

12. After discovering the first garnishment on or about December 22, 2012, Mr. Arroyo contacted Advanced Auto.

13. An Advanced Auto representative referred Mr. Arroyo to ADP.

14. An ADP representative referred Mr. Arroyo to Ronald Moses.

15. Mr. Moses referred Mr. Arroyo to Einstein.

16. A representative of Einstein refused to provide Mr. Arroyo with information his garnished wages.

17.  Mr. Arroyo sought the assistance of counsel to determine why his wages were being garnished.

18. With the assistance of counsel, Mr. Arroyo obtained a copy of an income execution issued by the Civil Court of the City of New York, County of New York, T439 Income Execution, Index No. 22675/06 ("income execution").

19. Midland is identified as the Judgment Creditor on income execution.

20. Ronald Moses is identified on the income execution.

21. Stephen Einstein on behalf of Stephen Einstein & Associates, P.C. is identified on the income execution beneath a signature on the income execution.

22. The income execution identifies a judgment entry date of August 18, 2006.

23. The income execution identifies Albert Arroyo at 19 Vermilyea Avenue, New York, NY 10034.

24. Upon receiving a copy of the income execution, Mr. Arroyo informed ADP that he disputed the validity of the underlying debt, judgment, income execution and garnishment as he did not live in New York let alone at the New York address and requested ADP to terminate the garnishment. Mr. Arroyo's wages continued to be garnished.

25. Upon receiving a copy of the income execution, Mr. Arroyo informed Ronald Moses that he disputed the validity of the underlying debt, judgment, income execution and garnishment. and requested Mr. Moses to terminate the garnishment. Mr. Arroyo's wages continued to be garnished.

26. After three pay periods the garnishment of Mr. Arroyo's wages stopped.

27. After two months from the initial garnishment Mr. Arroyo received a portion of his garnished wages by mail in a remittance from Mr. Moses.

28. A few weeks later Mr. Moses mailed additional remittances for the remainder of Mr. Arroyo's garnished wages.

29. Mr. Arroyo has suffered and continues to suffer actual damages as a result of Defendants unlawful conduct.

30. As a direct consequence of the Defendants' acts, practices, and conduct, Mr. Arroyo has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

31. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## VIOLATIONS OF THE FDCPA AS FOR MIDLAND, EINSTEIN, MOSES, COUNT I

32. Defendants' conduct as detailed in the preceding paragraphs violated 15 U.S.C. §1692(b)(2) of the FDCPA which prohibits a debt collector from contacting a third-party stating that the consumer owes a debt.

33. Defendants' conduct as detailed in preceding paragraphs resulted in contact with Mr. Arroyo's employer, Advanced Auto and its payroll agent ADP which contact stated that Mr. Arroyo owed a debt.

34. Defendants' conduct violated 15 U.S.C. §1692(b)(2).

## COUNT II

35. Defendants' conduct as detailed in the preceding paragraphs violated 15 U.S.C. §1692(d) of the FDCPA which prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36.  Here the Defendants obtained a foreign judgment for a debt then ignored and circumvented the laws the Commonwealth of Massachusetts to collect on the foreign judgment.

37. The natural consequence of defendants' conduct was harassing, oppressive, and abusive to Mr. Arroyo.

### COUNT III

38. Defendants' conduct as detailed in the preceding paragraphs violated 15 U.S.C. §1692e; 15 U.S.C. §1692e (2); 15 U.S.C. §1692e (9); 15 U.S.C. §1692e (10); 15 U.S.C. §1692e (13) all of which prohibit Defendants from making false or misleading representations in communications in connection with the collection of an a debt.

39. Defendants sought and did enforce an income execution that was invalid in the Commonwealth of Massachusetts.

40. Defendants' conduct to enforce an invalid income execution was false, misleading and representative conduct in connection with the collection of a debt in violation of 15 U.S.C. §1692e; 15 U.S.C. §1692e (2); 15 U.S.C. §1692e (9); 15 U.S.C. §1692e (10); 15 U.S.C. §1692e (13).

### COUNT IV

41. Defendants' conduct as detailed in the preceding paragraphs violated 15 U.S.C. §1692f of the FDCPA which prohibits a debt collector from engaging in any unfair or unconscionable means to collect or attempt to collect an alleged debt; and violated and 15 U.S.C. §1692f (1) which prohibits a debt collector from attempting to collect a debt not permitted by law; and

violated and 15 U.S.C. §1692f (6) which prohibits a debt collector from unlawfully take a consumer's property.

42. Defendants conduct as described above sought and did enforce an income execution that was invalid and unlawful in the Commonwealth of Massachusetts.

43. Defendants' conduct as described above was unfair or unconscionable and unlawful means to collect or attempt to collect an alleged debt.

44. Defendants' conduct as described above unlawfully dispossessed Mr. Arroyo of his earned wages.

### VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### COUNT VI

45. Mr. Arroyo incorporates by reference all the above paragraphs of this Complaint as fully stated above.

46. The Defendants employed unfair and/or deceptive acts to collect as described above in violation of G.L. c.93A §2.

47. Defendants' failures as described above constitute unfair and or deceptive conduct as provided for in G.L. c.93A §9, as a result Mr. Arroyo is entitled to double or treble damages, costs, plus reasonable attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff Alberto Arroyo prays that judgment be entered against Defendants for

1. Actual Damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants;

2. Statutory Damages of $1,000.00 for each violation pursuant to 15 U.S.C. 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney fees violation pursuant to 15 U.S.C. §1692k(a)(3) against Defendants;

4. Double or treble damages, costs, plus reasonable attorney fees pursuant to G.L. c.93A §3(A);

5. Actual damages caused by Defendants for all the damages including emotional distress suffered as a result of intentional, reckless, negligent FDCPA violations in an amount to be determined at trial;

6. Punitive damages; and

7. Such other relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 10, 2013               Respectfully submitted.

                                         Alberto Arroyo,
                                         By his Counsel,

<u>/s/Christine A. Anderson</u>
Christine A. Anderson
Anderson Law Offices
56 N. Main St., Suite 409
Fall River, MA 02720
BBO #: 669649
Tel.(508) 916-7538
Fax.(866)860-6314
Email: info@anderson-lawoffices.com